**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

JEROME CRUTCHER,

        Plaintiff,

v.                                                               Case No. 20-cv-12884

ROBERT J. COLOMBO, JR.,
BRUCE U. MORROW,
KATHY M. GARRETT, and
DAVID BAXTER,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

Plaintiff Jerome Crutcher, a state prisoner at the Muskegon Correctional Facility in Muskegon, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1.)  Defendants are the following current or former employees of Wayne County, Michigan:  Chief Judge Robert J. Colombo, Jr.; Circuit Judge Bruce U. Morrow; Clerk Kathy M. Garrett; and Court Administrator David Baxter.  (*Id.* at PageID.1-2.)  Plaintiff sues Defendants in their official and personal capacities.  He seeks a declaratory judgment that Defendants have deprived him of his right of access to the courts and an injunction to prevent Defendants from any further deprivation of that right.  (*Id.*at PageID.2.)  For the reasons given below, the court will dismiss the complaint with prejudice.

**I. BACKGROUND**

**A.  The Facts**

As context for his claims, Plaintiff alleges that in 2002, he was convicted of armed robbery, carjacking, felon in possession of a firearm, and possession of a firearm

during the commission of a felony ("felony-firearm"). (*Id.* at PageID.5, ¶ 15.) On April 19, 2002, Judge Morrow sentenced Plaintiff in case number 01-004721 to concurrent terms of twenty to forty years in prison for the robbery and carjacking convictions, a concurrent term of two-and-a-half to five years for the felon-in-possession conviction, and a consecutive term of five years for the felony-firearm conviction. (*Id.,* ¶ 16.) Plaintiff's convictions were affirmed on appeal. (*Id.*)

During an unrelated criminal jury trial before Judge Morrow in case number 01-005018, Plaintiff had a physical confrontation with his trial attorney. (*Id.* at PageID.7-8, ¶¶ 25-29.) Several days later, Judge Morrow held a hearing on the confrontation between Plaintiff and his attorney. (*Id.* at PageID.8-9, ¶ 31.) Judge Morrow subsequently recused himself, and Plaintiff's criminal case was reassigned to a different judge. (*Id.* at PageID.9, ¶¶ 32-33.) A jury in that case found Plaintiff guilty of armed robbery and felony-firearm on July 14, 2003, and on July 28, 2003, the trial judge sentenced Plaintiff to prison for thirty-one to sixty years for the robbery conviction and a consecutive sentence of two years for the felony-firearm conviction. (*Id.,* ¶ 33.)

On or about August 30, 2006, Plaintiff mailed a *pro se* motion for relief from judgment to the Wayne County Circuit Court. (*Id.,* ¶ 34.) Almost a year later, on about July 11, 2007, a judicial assistant from the Wayne County Circuit Court notified Plaintiff that his August 30 pleading was misplaced. (*Id.* at Page.10, ¶ 35.) Plaintiff responded to the judicial assistant's letter by offering to have a family member hand-deliver his only copy of his post-conviction motion to the circuit court so that the court could make a copy of the pleading and return the pleading to the family member. (*Id.,* ¶ 36.) His letter was ignored. (*Id.,* ¶ 37.)

Years later, on or about January 18, 2013, Plaintiff wrote to the judicial assistant at the circuit court and inquired about the status of the motion for relief from judgment that he submitted to the court on August 30, 2006. (*Id.*, ¶ 38.) A legal secretary at the court informed Plaintiff on January 23, 2013, that she had forwarded Plaintiff's letter to Judge Morrow. (*Id.,* ¶ 39; *see also* PageID.33 (the secretary's letter.)) On or about April 11, 2013, Judge Morrow informed Plaintiff by letter that Plaintiff's motion appeared to be missing from his file. (*Id.* at PageID.10, ¶ 40.) Plaintiff responded to Judge Morrow's letter by sending Judge Morrow official court documents, which showed that the circuit court had received and filed his motion for relief from judgment. (*Id.* at PageID.11, ¶ 41.) Judge Morrow, however, refused to grant Plaintiff's request for copying and mailing costs. (*Id.*, ¶ 42; *see also,* ECF No.1, PageID.100, and ECF No. 1-1, PageID.101 (Judge Morrow's letter to Plaintiff on November 18, 2013, in which he (i) indicates that Plaintiff's file contains no motion for relief from judgment, and (ii) declines to reimburse Plaintiff for his costs.)

On or about December 30, 2013, Plaintiff mailed a *pro se* motion in which he asked Judge Morrow to recuse himself in case number 01-004721. (ECF No.1, PageID.11, ¶ 43.) Over a year later, on or about January 30, 2015, Plaintiff wrote to Chief Judge Colombo about the problems he faced in getting his pleadings before the court. (*Id.*, ¶ 44.) Judge Colombo advised Plaintiff by letter to send his motion for disqualification directly to Judge Morrow, because Judge Morrow had not received Plaintiff's motion to disqualify Morrow. (*Id.* at PageID.12, ¶ 45; *see also* ECF No. 1-1, PageID.110 (Judge Colombo's letter to Plaintiff in which he (Judge Colombo) (i) states that Judge Morrow did not have a copy of Plaintiff's motion to disqualify Judge Morrow,

and (ii) asks Plaintiff to send his motion directly to Judge Morrow.)   Plaintiff responded to Judge Colombo by offering to send his motion for disqualification to Judge Colombo, but Judge Colombo rejected Plaintiff's proposal.  (ECF No. 1, PageID.12, ¶¶ 46-47; *see also* ECF No. 1-1, PageID.118 (Judge Colombo's second letter to Plaintiff in which he (i) declines to accept Plaintiff's motion to disqualify Judge Morrow, and (ii) notes that Plaintiff had not taken the appropriate course of action suggested in his (Judge Colombo's) previous letter.)

On or about October 9, 2015, Plaintiff wrote Defendant Garrett and requested documentation showing that the circuit court had received and filed his motion for relief from judgment and motion for disqualification.  (ECF No. 1, PageID.12, ¶ 48.)   On November 12, 2015, Defendant Baxter responded to Plaintiff's letter and informed Plaintiff that there was no record of his office receiving Plaintiff's motion and that Plaintiff should resubmit his motion directly to Mr. Baxter.  (*Id.*, ¶ 49; *see also* ECF No. 1-1, PageID.122 (Defendant Baxter's letter to Plaintiff on November 12, 2015.)

Four years later, on October 11, 2019, Plaintiff wrote to Defendant Baxter and agreed to send his pleadings directly to Baxter.  (ECF No. 1, PageID.13, ¶ 55; *see also* ECF No. 1-1, PageID.133 (Plaintiff's 2019 letter to Defendant Baxter in which he seeks "a safe, secure and protected process" through which he could challenge his convictions.))   Defendant Garrett's office responded to Plaintiff's letter and informed Plaintiff that, for an incarcerated individual's motion to appear on the Register of Actions, the motion must be mailed from the correctional institution directly to the Wayne County Clerk's Office.  (ECF No.1, at PageID.13-14, ¶ 56; *see also* ECF No. 1-1, PageID.134 (the Clerk's letter to Plaintiff on October 29, 2019.)   Plaintiff notes that

4

the advice given by Defendants Colombo and Baxter to resubmit his pleadings directly to them was inconsistent with the advice provided by the Wayne County Clerk's Office. (ECF No. 1, PageID.14, ¶ 57.)

### B. Plaintiff's Claims

Plaintiff now contends that Defendants' acts and omissions caused him to suffer irreparable harm because (1) several critical witnesses who testified at his criminal trial are now deceased, and (2) he missed a September 1, 2006 deadline for submitting a combined motion for relief from judgment and supporting brief consisting of no more than fifty pages. (*Id.* at PageID.21-22, ¶ 62.) Plaintiff claims that: (1) Defendants deprived him of the only procedure available for mounting a challenge to the validity of his convictions, in violation of his constitutional right of access to the courts; (2) Defendants Colombo, Garrett, and Baxter were grossly negligent and violated his right to due process when they ignored his letters about the difficulty he faced in getting his pleadings before the court; and (3) Defendants violated the federal mail statute. (*Id.* at PageID.22.)

## II. DISCUSSION

### A. Legal Framework

The court is required to screen a prisoner's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), (b); *Grinter v. Knight*. 532 F.3d 567, 572 (6th Cir. 2008). To prevail on claims brought under § 1983, a plaintiff must prove two things: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United

States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under *Twombly* and *Iqbal*, a complaint is accepted as true, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B.  Application

#### 1.  Access to the Courts

Plaintiff claims that Defendants deprived him of the only available procedure for challenging his convictions and deprived him of his constitutional right of access to the courts. (ECF No. 1, PageID.22, ¶ 63.)

It is "beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The tools that *Bounds* "requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v.*

6

*Casey*, 518 U.S. 343, 355 (1996). The Sixth Circuit Court of Appeals has interpreted this to mean that "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Plaintiff's pursuit of state collateral proceedings does not fall within the categories listed in *Thaddeus-X.*

### a. Injury

Even if the right of access to the courts extends to state collateral proceedings, Plaintiff must show actual injury from the alleged denial of his constitutional right. *Casey*, 518 U.S. at 351–52; *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). The requirement that an inmate show actual injury derives from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches. *Casey*, 518 U.S. at 349. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Plaintiff also must demonstrate that he was prevented from pursuing a nonfrivolous claim. *Casey*, 518 U.S. at 352-353 and 353 n.3; *Colvin v. Schaublin*, 113 F. App'x 655, 657 (6th Cir. 2004). This entails showing that his post-conviction motions would have been successful if it were not for Defendants' alleged interference with the motions. *Mikko v. Davis*, 342 F. Supp. 2d 643, 648 (E.D. Mich. 2004).

Plaintiff alleges that Defendants' acts and omissions prejudiced him because (i) several witnesses who testified for the defense at his trial are now deceased, and (ii) he missed a deadline (September 1, 2006) for filing a fifty-page motion and supporting brief

7

for relief from judgment. (ECF No. 1, PageID.21-22.) However, there is no deadline for filing a motion for relief from judgment in state court, *People v. Suttles*, 941 N.W.2d 645 (Mich. 2020), and Judge Morrow informed Plaintiff as late as November 18, 2013, that Plaintiff could file a motion for relief from judgment and supporting brief if the combined motion and brief did not exceed fifty pages. (ECF No. 1, PageID.100.) Thus, Plaintiff was not injured by his failure to file a motion and supporting brief of less than fifty pages in 2006.

As for the deceased witnesses, Plaintiff has not stated when the witnesses died, what the witnesses would have said or done if they had survived, or why Plaintiff did not obtain affidavits from the witnesses before they died. Plaintiff also has not alleged what the grounds for relief were in his motion for relief from judgment. He has not alleged facts which suggest that he would have been successful on the merits of his post-conviction motion if it had not been for Defendants' alleged interference with his constitutional rights. Thus, he has failed to show actual injury from the alleged interference with his right of access to the courts.

### b. Intent

To prevail on a First Amendment claim regarding the right of access to the courts, a plaintiff also "must show that the defendants acted with some intentional motivation to restrict his access to the courts." *Morris v. City of Chillicothe*, 512 F.3d 1013, 1020 (8th Cir. 2008); *see also Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993) (stating that the alleged actions of prison officials against the plaintiff "if proven, and if intentional, support[ed] the claim that prison officials [were] attempting to deny prisoners effective access to the courts"); *Jackson v. Procunier*, 789 F.2d 307, 310–11 (5th Cir.

1986) (stating that any deliberate impediment to the right of access to the courts may constitute a constitutional deprivation).

In the present case, Judge Morrow notified Plaintiff in writing on two occasions in 2013 that there was no motion for relief from judgment in Plaintiff's court file, but that Plaintiff could file a motion for relief judgment under Michigan Court Rule 6.502. (ECF No. 1, PageID.96 and 100; ECF No. 1-1, PageID.101.) And in early 2015, Judge Colombo encouraged Plaintiff to send his motion for disqualification directly to Judge Morrow. (ECF No. 1-1, PageID.110.). In a second letter to Plaintiff, Judge Colombo once again stated that the appropriate course of action was for Plaintiff to mail his motion for disqualification directly to Judge Morrow. (*Id.* at Page.118.)

On November 12, 2015, Defendant Baxter wrote to Plaintiff and encouraged Plaintiff to mail his motion directly to Baxter. (*Id.* at PageID.122.) Finally, on October 29, 2019, someone in Defendant Garrett's office informed Plaintiff to mail his motion directly to the Wayne County Clerk's Office. (*Id.* at PageID.134.)

To summarize, Plaintiff's own exhibits show that Defendants tried to help Plaintiff and that they did not intentionally interfere with Plaintiff's right of access to the courts. The delay in getting Plaintiff's motions heard and adjudicated appears to be the result of Plaintiff's own failure to follow the Michigan Court Rules and the course of action suggested by Defendants. Therefore, Plaintiff's claim boils down to a claim of negligent interference with the right of access to the courts, and as demonstrated in the following section, mere negligence does not state a claim.[1]

---

[1] To the extent Plaintiff is challenging his criminal convictions on the basis that Judge Morrow was biased against him, his claim would be more appropriate in a habeas corpus petition, following exhaustion of state remedies. A § 1983 action is not a proper

9

### 2. Gross Negligence and Due Process

Plaintiff's second claim alleges that Defendants Colombo, Garrett, and Baxter were grossly negligent and violated his right to due process when they ignored his letters about the problems he faced in getting his pleadings before the state court for an adjudication on the merits. (ECF No.1, PageID.22, ¶ 64.) Mere negligence, however, "does not suffice to state an access to the courts violation under § 1983." *Garrison v. Corr*, 26 F. App'x 410, 411 (6th Cir. 2001) (citing *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 127–30 (1992), and *Harrell v. Cook,* 169 F.3d 428, 431–32 (7th Cir.1999)). Even gross negligence "is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.' " *Lewellen v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 34 F.3d 345, 351 (6th Cir. 1994) (quoting *Collins,* 503 U.S. at 129)*.*

At worst, it appears that Plaintiff's pleadings were misplaced and that Plaintiff may have been "the victim of a bureaucratic blunder, which is surely not a federal due process violation." *Lusick v. Lawrence*, 378 F. App'x 118, 120 (3d Cir. 2010). As such, Plaintiff has no right to relief on his second claim.

---

remedy for a state prisoner who is challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Furthermore, although "a judge's absolute immunity does not extend to actions performed in a purely administrative capacity," *Clinton v. Jones*, 520 U.S. 681, 694–95 (1997), Judge Morrow is entitled to immunity for his judicial acts, such as presiding over Plaintiff's trials and adjudicating Plaintiff's motions in his criminal cases. "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity extends to actions for injunctive relief. *See* 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

10

### 3.  Obstruction of Mail; 18 U.S.C. § 1701

Plaintiff's third and final claim alleges that Defendants violated the federal mail statute, 18 U.S.C. § 1701.  (ECF No. 1, PageID.22, ¶ 65.)  This statute provides that, "[w]hoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months, or both."

Section 1701 is a criminal statute, and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  In other words, "criminal statutes generally do not create private causes of action."  *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (unpublished decision citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)), *cert. denied,* 139 S. Ct. 1178 (2019).  Section 1701, in fact, does not provide a private cause of action.  *Moes v. Woodward*, No. 1:11-CV-912, 2012 WL 5830596, at *6 (W.D. Mich. Nov. 16, 2012) (unpublished decision citing *Sciolino v. Marine Midland Bank–Western,* 463 F. Supp. 128, 130–31 (W.D. N.Y. 1979)).

Furthermore, the facts, as alleged in Plaintiff's complaint, fail to show that Defendants knowingly and willfully obstructed or retarded the delivery of mail.  In fact, Plaintiff alleges more than once in his complaint that Defendants received his mail.  *See* ECF No. 1, PageID.11, ¶ 41; *id.* at PageID.12, ¶ 48; *id.* at PageID.22, ¶ 64.  Plaintiff's claim under 18 U.S.C. § 1701 fails.

## III. CONCLUSION

For the reasons given above, Plaintiff has failed to state a plausible claim for which relief may be granted. Accordingly,

IT IS ORDERED that the complaint is summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(b) and 1915A(b).

          S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2021, by electronic and/or ordinary mail.

          S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6525

S:\CLELAND\CLELAND\20-12884.CRUTCHER.BH.CHD.DOCX